CHARLES J. MICHAL, for appellees; OSCAR H. OLSEN, of counsel.

MR. JUSTICE McDONALD delivered the opinion of the court.

## Abstract of the Decision.

EXCHANGE OF PROPERTY, § 9*—*when damages may not be recovered for refusal of party to comply with contract.* Where a party to a contract for the exchange of certain real estate is unable to comply with the terms of the contract on his part, he cannot recover damages arising from the other party's subsequent refusal to complete the contract because of the first party's inability to comply therewith, notwithstanding such other party may have refused to comply before learning of such inability of the first party.

---

## Anton J. Cermak, Bailiff, Appellee, v. Anna H. Schwendel, Appellant.

### Gen. No. 22,919. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed with statutory damages. Opinion filed December 21, 1917.

### Statement of the Case.

Action by Anton J. Cermak, bailiff of the Municipal Court of Chicago, for use of Samuel B. Goldberg, plaintiff, against Anna H. Schwendel, defendant, to recover on a stay of execution bond executed by defendant as surety. From a judgment for plaintiff, defendant appeals.

HENRY ROTH and CHARLES P. R. MACAULAY, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

SONNENSCHEIN, BERKSON & FISHELL, for appellee.

MR. JUSTICE MCDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim states good cause of action on stay of execution bond.* A statement of claim alleging the procuring of a judgment in the Municipal Court against a third person, after which he sued out a writ of error to review the same, that in order to stay execution on the judgment pending decision of the Appellate Court such third person as principal and defendant as surety executed a stay of execution bond providing that if the principal should prosecute the writ with effect and pay the amount of the judgment, costs, interest and damages rendered and to be rendered against him should the Appellate Court affirm the judgment, then the bond to be void, otherwise to remain in full force and virtue; that the writ was duly docketed in the Appellate Court, was duly called in the regular course of procedure, but, for the principal's failure to file a record from the trial court, the writ was dismissed for want of prosecution, wherefore the bond became forfeited, etc., *held* to state a good cause of action under the Municipal Court Act.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*what need not be alleged in statement of claim in action on stay of execution bond.* The payment of the judgment involved in an action in the Municipal Court of Chicago on a stay of execution bond against the surety on the bond is matter to be set forth by way of defense and not necessary to the statement of the claim.

3. MUNICIPAL COURT OF CHICAGO—*when surety is estopped to deny validity of stay of execution bond.* The defendant sued as surety on a stay of execution bond furnished under section 23 of the Municipal Court Act (J. & A. ¶ 3335) is estopped to deny the validity of the bond on the ground of the unconstitutionality of said section, where there was a stay of execution for which the bond was given and the principal has obtained all the benefits incident thereto.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.